NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

FRANK DELLI SANTI,       :

                       :

       Plaintiff       :

                       :

       v.           :

                       :

ROBERT HODULICH, et al,    :

                       :

       Defendants.     :

                       :

**Hon. Dennis M. Cavanaugh**

# OPINION

Civil Action No. 09-CV-2171 (DMC-JAD)
Consolidated with

---

FRANK DELLI SANTI,       :

                       :

       Plaintiff       :

                       :

       v.           :

                       :

STATE OF NEW JERSEY, et al,   :

                       :

       Defendants.     :

                       :

Civil Action No. 09-CV-2172 (DMC-JAD)
Consolidated with

---

FRANK DELLI SANTI,       :

                       :

       Plaintiff       :

                       :

       v.           :

                       :

ROBERT HODULICH, et al,    :

                       :

       Defendants.     :

                       :

Civil Action No. 09-CV-06581 (DMC-JAD)

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Robert Hodulich, Paul Gould, Edgemont Campgrounds, Inc., Frankford Township and Bill Paterson to dismiss the Complaint in accordance with Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, it is the decision of this Court that Defendants' motion to dismiss is **granted.**

I.      BACKGROUND[1]

Plaintiff's initial Complaint, 09-CV-2171, dated May 5, 2009, asserts that "Defendants knowingly violated state and federal housing laws" and that "they knowingly violated the civil rights of the Plaintiff in this suit." That Complaint further alleges that "defendants committed fraud, they knowingly robbed the property of the tenants, under the disguise of statue [sic] N.J.S.A. 5:16-1." The Complaint also alleges that Defendants violated New Jersey's anti-eviction laws, slandered Plaintiff, discriminated against Plaintiff, verbally harassed Plaintiff and threatened his life. In a letter dated July 22, 2010, Plaintiff amended the present Complaint to include the State of New Jersey and the New Jersey State Police as Defendants.[2]

Plaintiff is a former resident of Edgemont Campground located in Frankford Borough. Robert Hodulich owned Edgemont Campground at all times relevant to this case. Hodulich evicted Plaintiff

_____

[1]

These facts have been adopted from the parties' respective court submissions.

[2]

Pursuant to Order of this Court, dated January 21, 2010, Plaintiff's Complaints in three separate actions, including 09-CV-06581, 09-CV-2171 and 09-CV-2172 were consolidated. In 09-CV-06581, filed by Plaintiff on December 30, 2009 and consolidated with the present action, Plaintiff's Complaint asserts that Edgemont Campground polluted the ground and waterways in violation of state and federal laws. That Complaint further states that Defendants are violating the Health and Welfare of residents in Sussex County. In 09-CV-2172 filed by Plaintiff on May 5, 2009, Plaintiff asserts claims articulated in the previous complaints and makes allegations concerning the zoning of the real property at issue.

for violating his rental agreement.  Plaintiff then sued Hodulich, in the Superior Court of New Jersey, Sussex County, Docket No., DC-4530-08, arguing that he was improperly evicted under the New Jersey Campground Act, N.J.S.A. 5:16-1 *et seq*.  That complaint was dismissed with the court determining that the plaintiff had no viable cause of action.  Specifically, the judge determined that Plaintiff violated the rental agreement between the parties, had been lawfully removed and was barred from reentry of the premises.

II.   LEGAL STANDARD

   A.   Federal Rule of Civil Procedure 12(b)(1)

   Fed. R. Civ. P. 12(b)(1) permits a court to dismiss a complaint for lack of subject matter jurisdiction.  "A 'facial' challenge by a defendant contests the adequacy of the pleading as it pertains to subject matter jurisdiction." Salazar v. Maquet Cardiovascular, No. 10-1166, 2010 U.S. Dist. LEXIS 57380, at *4-5 (D.N.J. June 10, 2010) (citing Turicentro, S.A. v. Am. Airlines, Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002).  "The party asserting jurisdiction bears the burden of demonstrating that jurisdiction is proper." Id. (citing Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993)).  "When considering a 'facial' attack under Rule 12(b)(1), 'the court must consider the allegations of the complaint as true.'" Turicentro, 303 F.3d at 300.

   B.   Federal Rule of Civil Procedure 12(b)(6)

   "The [d]istrict [c]ourt, in deciding a motion under Fed. R. Civ. P. 12(b)(6), [is] required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).  "While a complaint attacked  by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

3

to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above a speculative level, [ ] on the assumption that all factual allegations in the complaint are true (even if doubtful in fact)." Bell at 555-56.

## III.   DISCUSSION

As a threshold matter, this Court must address whether the Court has authority to exercise subject matter jurisdiction over the instant case. In the underlying New Jersey State Court proceeding, Plaintiff asserted identical state law claims pursuant to N.J.S.A. 5:16-1, *et seq*. The ruling was adverse to Plaintiff and subsequently appealed by Plaintiff. Pursuant to the Rooker-Feldman doctrine, it is an "elementary principle that a party's recourse for an adverse decision in state court is an appeal to the appropriate state appellate court, and ultimately to the Supreme Court under § 1257, not a separate action in federal court." Parkview Assocs. Pshp. v. City of Leb., 225 F.3d 321, 324 (3d Cir. 2000) ("The Rooker-Feldman doctrine is based on the statutory foundation of 42 U.S.C. § 1257 and the well-settled understanding that the Supreme Court of the United States, and not the lower federal courts, has jurisdiction to review a state court decision.").

"The doctrine [of collateral estoppel] proceeds on the theory that once a jury makes a finding of ultimate fact, in a fully and fairly tried case, that finding should not be subject to relitigation." State v. Kelly, 201 N.J. 471, 492 (2010); see Peloro v. United States, 488 F.3d 163, 174 (3d Cir. 2007). "[T]he term 'res judicata' refers broadly to the common-law doctrine barring relitigation of claims or issues that have already been adjudicated." Tarus v. Borough of Pine Hill, 189 N.J. 497,

520 (2007) (citing <u>Velasquez v. Franz</u>, 123 N.J. 498, 505 (1991)); <u>see</u> <u>Mullarkey v. Tamboer (In re</u>

<u>Mullarkey)</u>, 536 F.3d 215, 225 (3d Cir. 2008).

Plaintiff attempts to reassert state law claims previously adjudicated and presently pending

on appeal before the New Jersey Appellate Division.  Accordingly, this Court lacks jurisdiction over

Plaintiff's state law claims.  Plaintiff's state law claims are **dismissed with prejudice.**

"A *pro se* complaint may be dismissed for failure to state a claim only if it appears 'beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief.'" <u>Cordero v. Ahsan</u>, No. 10-1139, 2010 U.S. Dist. LEXIS 74526**,** at *6 (D.N.J. July 23, 2010)

(<u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972)).  "However, recently, the Supreme Court refined this

standard for summary dismissal of a complaint that fails to state a claim in <u>Ascroft v. Iqbal</u>, 129 S.

Ct. 1937, 173 L. Ed. 2d 868 (2009)."  <u>Id</u>.  In that case, "the Supreme Court identified two working

principles underlying the failure to state a claim standard:"

> First, the tenet that a court must accept as true all of the allegations contained in a
> complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of
> a cause of action, supported by mere conclusory statements, do not suffice … . Rule
> 8 . . .does not unlock the doors of discovery for a plaintiff armed with nothing more
> than conclusions. Second, only a complaint that states a plausible claim for relief
> survives a motion to dismiss. Determining whether a complaint states a plausible
> claim for relief will … be a context-specific task that requires the reviewing court to
> draw on its judicial experience and common sense. But where the well-pleaded facts
> do not permit the court to infer more than the mere possibility of misconduct, the
> complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."
> Fed. R. Civ. P. 8(a)(2).

<u>Id</u>. (citing <u>Iqbal</u>, 129 S. Ct. at 1949-50).  Further,

> a court considering a motion to dismiss can choose to begin by identifying pleadings
> that, because they are no more than conclusions, are not entitled to the assumption
> of truth. While legal conclusions can provide the framework of a complaint, they

must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausible give rise to an entitlement to relief.

Id. (citing Iqbal, 129 S. Ct. at 1950).

The remainder of the Complaint consists of unsupported legal conclusions.  There are no factual allegations present to support Plaintiff's remaining claims.  Therefore, in accordance Fed. R. Civ. P. 12(b)(6), Plaintiff's alleged violations of federal law are **dismissed without prejudice.**

**IV.   CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P 12(b)(6) is **granted**.  An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Dated:       August   3  ,  2010
Original:    Clerk
cc:          All Counsel of Record
             Hon. J.A. Dickson, U.S.M.J.
             File

6